1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   BOB SAVAGE,                          No.  2:13-cv-0795 JAM CKD P

12            Plaintiff,

13       v.                               ORDER AND

14   CDCR, et al.,                        FINDINGS AND RECOMMENDATIONS

15            Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Medical Allegations

Plaintiff alleges that, while incarcerated at the California Medical Facility ("CMF"), he was prescribed medication to control his high blood pressure and hypertension. On June 1, 2011, a nurse informed him that the pharmacy was out of his medication, which would not be available for at least two weeks. On June 12, 2011, after eleven days without medication, plaintiff suffered a stroke and Hemi-Central Retinal Vein Occlusion ("HVRO"), which left him blind in his left eye and caused headaches and pain. That day, CMF medical staff told him that they could not do anything for him and he would have to wait to be seen by defendant Dr. Seabrooks, the prison ophthalmologist.

Four days later, on June 16, 2011, Dr. Seabrooks examined plaintiff and gave him an urgent referral to an outside medical clinic ("UCSF") for an HRVO consult. Dr. Seabrooks told plaintiff that he would be sent out for treatment in the next three to five days.

On June 23, 2011, defendant Dr. DiTomas, the Chief Physician and Surgeon at CMF, contacted Dr. Seabrooks and had her cancel plaintiff's urgent appointment at UCSF and reschedule it. On June 29, 2011, plaintiff was taken to UCSF and informed by medical staff that he was legally blind in his left eye. He was "advised . . . that because CMF had waited so long to

2

1   get [him] treatment . . . there was not much hope for his sight being restored" and that he would

2   need to undergo a series of shots directly into his left eye.  These shots were administered over a

3   period of several months.  (ECF No. 1 at 7-9.)

4          Denial or delay of medical care for a prisoner's serious medical needs may constitute a

5   violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

6   97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

7   deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

8   1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

9   Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).  A showing of merely negligent medical care is

10   not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir.

11   1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of

12   treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials

13   over the necessity for or extent of medical treatment amount to a constitutional violation.  See,

14   e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242

15   (9th Cir. 1989).

16          Here, plaintiff's allegation that the prison pharmacy temporarily ran out of his blood

17   pressure medication does not amount to a claim that any named defendant was deliberately

18   indifferent to a serious medical need.  Plaintiff also names several supervisory defendants,

19   including Chief Medical Officers at CMF.  When a defendant named in a § 1983 action holds a

20   supervisorial position, the causal link between him and the claimed constitutional violation must

21   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

22   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Plaintiff's

23   conclusory allegations against these medical supervisors fail to state a § 1983 claim.

24          For purposes of screening, however, the complaint states a cognizable claim for relief

25   pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants DiTomas and

26   Seabrooks for allegedly delaying plaintiff's treatment at an outside clinic for blindness and pain

27   in his left eye.  If the allegations of the complaint are proven, plaintiff has a reasonable

28   opportunity to prevail on the merits of this action.

1    <u>Housing Allegations</u>

2         Plaintiff further alleges that, for several days in June 2011, he was housed in a hot and

3    crowded cell that "did not have space for Plaintiff to use his wheelchair" and "did not meet [his]

4    ADA or medical needs."  On the day of the move, he was taken to the medical clinic and "given

5    nitro, 4 E.K.G.'s and 2 liters of IV fluids."  On June 28, 2011, following a disciplinary write-up,

6    he spent several days in Administrative Segregation in a "very hot cell with a broken window

7    with no fan ... when the outside temperature was well over 100 degrees."  (ECF 1 at 8-9.)

8         The Eighth Amendment protects prisoners from inhumane methods of punishment and

9    from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir.

10   2006).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

11   clothing, sanitation, medical care, and personal safety.  <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th

12   Cir. 2000).  Extreme deprivations are required to make out a conditions of confinement claim,

13   and only those deprivations denying the minimal civilized measure of life's necessities are

14   sufficiently grave to form the basis of an Eighth Amendment violation.  <u>Hudson v. McMillian</u>,

15   503 U.S. 1, 9 (1992).  To succeed on such a claim, a prisoner must show that (1) the defendant's

16   conduct deprived him of the minimal civilized measure of life's necessities and (2) that the

17   defendant acted with deliberate indifference to the prisoner's health or safety.  <u>Farmer v. Brennan</u>,

18   511 U.S. 825, 834 (1994).  That is, the defendant must have known that the inmate faced a

19   substantial risk of serious harm, and must have also disregarded that risk by failing to take

20   reasonable measures to abate it.  <u>Id.</u> at 847.  Here, even if plaintiff's temporary confinement in a

21   hot, uncomfortable cell could be considered an "extreme deprivation" under the Eighth

22   Amendment, he has not alleged that any defendant knew of and disregarded a risk of serious

23   harm.  Thus plaintiff fails to state a § 1983 claim on this basis.

24        Nor are plaintiff's allegations cognizable under Title II of the Americans with Disabilities

25   Act (ADA).  In order to state a claim that a public program or service violated Title II of the

26   ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

27   excluded from participation in or denied the benefits of a public entity's services, programs, or

28   activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,

denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").  As plaintiff has not alleged that he was excluded from participation in or denied the benefits of any services, programs, or activities "by reason of" his disability, he does not state an ADA claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff will be assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Service is appropriate for the following defendants:  DiTomas and Seabrooks.

4.  The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed April 23, 2013.

5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a.  The completed Notice of Submission of Documents;

b.  One completed summons;

c.  One completed USM-285 form for each defendant listed in number 3 above; and

d.  Three copies of the endorsed complaint filed April 23, 2013.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

////

1    IT IS HEREBY RECOMMENDED that the complaint be dismissed as to all defendants

2 except DiTomas and Seabrooks.

3    These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5 after being served with these findings and recommendations, plaintiff may file written objections

6 with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

8 failure to file objections within the specified time may waive the right to appeal the District

9 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 Dated:  June 24, 2013

11                                    _____
                                     CAROLYN K. DELANEY
12                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17  2 / sava0795.1.new

18

19

20

21

22

23

24

25

26

27

28

6

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10                                              No.  2:13-cv-0795 JAM CKD P

11   BOB SAVAGE,

12                  Plaintiff,                  NOTICE OF SUBMISSION OF
                                                DOCUMENTS
13          v.

14   CDCR et al.,

15                  Defendant.

16

17          Plaintiff hereby submits the following documents in compliance with the court's order

18   filed _____:

19          _____        completed summons form

20          _____        completed USM-285 forms

21          _____        copies of the _____

22                                    Complaint

23   DATED:

24

25

26

27                                         _____

28                                              Plaintiff

7