UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB SAVAGE,<br><br>           Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>           Defendants. | No.  2:13-cv-0795 JAM CKD P<br><br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On June 24, 2013, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis with the exception of Plaintiff's direct claims against Defendants Bick, Andreason, and Aguilara and Plaintiff's excessive heat Eighth Amendment claims.  With respect to the former,

Plaintiff alleges that each defendant was directly and personally responsible for Plaintiff's medical care, making the claims against Defendants Bick, Andreason, and Aguilara sufficient for screening purposes. Compl. ¶ 13. The latter heat claims are sufficient for screening purposes because Plaintiff alleges that Defendant Barnes knowingly disregarded medical documentation of Plaintiff's particular sensitivity to heat. Applying the correct legal standards, which are accurately stated in the findings and recommendations, Plaintiff's claims against Defendants Bicks, Andreason, and Aguilara in their individual capacities are adequate at this stage. Likewise, Plaintiff's Eighth Amendment claim against Defendant Barnes in his individual capacity for allegedly housing Plaintiff in an excessively hot environment without regard to Plaintiff's documented medical heat sensitivity is adequate at this stage.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 24, 2013, are adopted in full with the modifications explained above;
2. Service is appropriate for the following defendants: DiTomas, Seabrooks, Bicks, Andreason, Aguilara, and Barnes;
3. All other defendants are dismissed;
4. The Clerk of the Court shall send plaintiff six (6) USM-285 forms, one (1) summons, an instruction sheet and a copy of the complaint filed April 23, 2013.
5. Within thirty days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:
    a. The completed Notice of Submission of Documents;
    b. One completed summons;
    c. One completed USM-285 form for each defendant listed in number 2 above; and
    d. Seven (7) copies of the endorsed complaint filed April 23, 2013.
6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the

United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS SO ORDERED

DATED: August 9, 2013

/s/ John A. Mendez____  _____

UNITED STATES DISTRICT COURT JUDGE