UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB SAVAGE, | No. 2:13-cv-0795 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

This pro se prisoner civil rights action proceeds on the original complaint filed April 23, 2013.  (ECF No. 1.)  Discovery has closed.  (ECF No. 24.)  Before the court is plaintiff's motion for leave to file a First Amended Complaint ("FAC").  (ECF No. 35.)  The FAC is substantially similar to the original complaint, except that it corrects the name of one defendant (Barnhart instead of Barnes) and does not name an original defendant, Andreasen, who has since been determined to be deceased.  (Id.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given freely when justice requires.  In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing

1

party, and futility of proposed amendment. As the court concludes that justice requires leave to amend in this instance, this action will proceed on the FAC.[1]

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in §1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Plaintiff asserts that he was previously determined incapable of representing himself, citing Savage v. Estelle, 924 F.2d 1459 (9th Cir. 1991)[2]. In that opinion, the Ninth Circuit affirmed the denial of plaintiff's petition for writ of habeas corpus, holding that the trial court did not violate plaintiff's Sixth Amendment right to self-representation by barring him from representing himself at trial, in light of plaintiff's severe speech impediment (an "extreme stutter"), which made it difficult for the jury and witnesses to understand him. This opinion has no bearing on the instant action at this time, as plaintiff is ably representing himself on the papers – and indeed, doing so while litigating two other matters in federal court. (FAC ¶ 5.) Thus the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel therefore will be denied without prejudice to renewal at a later phase of this litigation.

////
////
////
////
////

---

[1] The court will also vacate as moot a pending recommendation that the complaint be dismissed as to defendant Andreasen. (ECF No. 33.)

[2] This opinion amended and superseded the opinion cited by plaintiff, Savage v. Estelle, 908 F.2d 508 (9th Cir. 1990).

2

Accordingly, IT IS HEREBY ORDERED THAT

1. The April 30, 2014 findings and recommendations (ECF No. 33) are hereby VACATED as moot;

2. Plaintiff's motion for leave to file an amended complaint (ECF No. 35) is granted; and

3. Plaintiff's motion to appoint counsel (ECF No. 34) is denied without prejudice to renewal.

Dated: June 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / sava0795.amend